UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development) <br> Plaintiff <br><br> v. <br><br> JOHN DOE AND RICHARD ROE as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding, <br> Defendants | CIVIL NO. 07-1054 (SEC) <br><br> ACTION FOR CANCELLATION OF LOST NOTE <br><br> (ALIPIA GOMEZ MIRANDA and AGRIPINO DAVILA ROLDAN) |

## JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing to the Court that the defendants were duly served by publication pursuant to order of this Court and notice published in the newspaper during the day of May 16, 23, 30, 2007 and June 6, 13, 20, 2007 as per verified statement filed with the Clerk of this Court and pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, as required by Article 82 of the mortgage Law (30 L.P.R.A. 156), and 28 U.S.C. §1655, wherein the defendants were ordered to appear and answer the Complaint and it appearing to the Court that none of the defendants has appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following:

### FINDINGS OF FACTS

1. That on or before February 24, 1970, Alipia Gomez Miranda and Agripino Davila Roldan, received from the United States of America, acting through the USDA, Farmers Home Administration (now

United States v. John Doe and Richard Roe
(Alipia Gomez Miranda and Agripino Davila Roldan)
Civil No. 07-1054(SEC)
Page 2

Rural Development), a loan in the amount of $8,500.00 on the property described at paragraph 3 below.

2. The evidence of the money lent by plaintiff United States of America, USDA, Farmers Home Administration (now Rural Development), Alipia Gomez Miranda and Agripino Davila Roldan, executed in favor of the plaintiff a promissory note dated February 24, 1970, in the amount of $8,500.00 at 6.25% interest rate, payable to USDA, Farmers Home Administration (now Rural Development.

3. That to secure the payment of said promissory note, Alipia Gomez Miranda and Agripino Davila Roldan, executed a First Mortgage in favor of the plaintiff, United States of America, on February 24, 1970, by First Mortgage Deed No. 28 before Notary Public Ernesto J. Hernandez Barreras over the following described property:

> RUSTICA: Parcela radicada en en BARRIO FLORIDA, del termino municipal de San Lorenzo, con una cabida superficial de 532.00 metros cuadrados, en lindes por el respectivamente, con la finca principal de la cual se segrega; por el Sur, en 30.00 metros, con parcela segregada; y por el Este, en 22.00 metros con la Carretera No. 928. Enclava una estructura de madera dedicada a vivienda.

4. That the aforementioned First Mortgage Deed executed in favor of the plaintiff was duly recorded in the Property Registry of Caguas, II, at page 100$^{rs}$, volume 146 of San Lorenzo, property

United States v. John Doe and Richard Roe
(Alipia Gomez Miranda and Agripino Davila Roldan)
Civil No. 07-1054(SEC)
Page 3

number 7337, 2d Inscription, where said mortgage appears in full force and effect.

5. That according to information received from the USDA, Farmers Home Administration (now Rural Development), the original promissory note of $8,500.00 dated February 24, 1970, described in paragraph 2 above, while in possession of and under the Custody of said agency, was apparently lost, misplaced or destroyed and although a thorough search has been made and has been unable to find or locate said note.

6. The indebtedness assumed by Alipia Gomez Miranda and Agripino Davila Roldan, to the plaintiff, United States of America has been paid in full.

## CONCLUSIONS OF LAW

Articles 132 and 134 of the Mortgage Law of 1979 as amended (30 LPRA 2456 and 2458), provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

**WHEREFORE, IT IS ORDERED**

(1) That judgment be entered against the defendants herein declaring that the aforementioned mortgage obligation is extinguished.

United States v. John Doe and Richard Roe
(Alipia Gomez Miranda and Agripino Davila Roldan)
Civil No. 07-1054(SEC)
Page 4

(2) That the promissory note in the amount of $8,500.00 of principal with interest at the rate of 6.25% per annum, on the unpaid balance executed by Alipia Gomez Miranda and Agripino Davila Roldan, on February 24, 1970, the possession of whomsoever it may now be or become in the future, is hereby declared null and void, and therefore canceled.

(3) That the Registrar of the Property of Caguas II, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by Alipia Gomez Miranda and Agripino Davila Roldan, to secure the payment of the promissory note above described and referred to in paragraphs 4 and 5 of the Complaint, constituted by the terms of Voluntary Mortgage Deed No. 28 executed before Notary Public Ernesto J. Hernandez Barreras on February 24, 1970, and which was recorded in the Registry of Property of Caguas II, Puerto Rico, at page 100$^{rs}$, volume 146 of San Lorenzo, Puerto Rico, property number 7737, 2nd Inscription.

In San Juan, Puerto Rico this __28TH__ day of __SEPTEMBER__ 2007.



_____
UNITED STATES DISTRICT JUDGE